HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH HAWES KIMSEY; TARUL KODE TRIPATHI; and CATHERINE FREUDENBERG,

Plaintiffs,

v.

CITY OF SAMMAMISH, a municipal corporation; and CELIA WU, an individual,

Defendants.

CASE NO. 2:21-cv-01264 MJP

**DECLARATION OF CELIA WU IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, Celia Wu, declare as follows:

1. I am the Communications Manager, part of the communications team, at the City of Sammamish ("City") and make this declaration based on my personal knowledge.

2. The Communications Team for the City of Sammamish manages several social media platforms, including Facebook, to post relevant news, information, public safety updates, and events for the residents of Sammamish. To the best of our ability, we monitor these social platforms according to our stated guidelines. We also respond, to the best of our ability, to questions we get from residents about our updates and programs.

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 1
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

3. The City uses its official Facebook page to communicate a variety of information relevant to the residents of Sammamish, such as upcoming events and updates. The City also uses Facebook to communicate with residents on matters important to public safety, such as severe weather events, power outages, road and park closures, heatwaves, snow storms, wildfire smoke, shootings and fires, and Covid-19 related news. Only the City can "post" to its Facebook page. Any member of the public can "comment" on those posts, subject to the City's rules for commenting on its Facebook page.

4. The rules for commenting on the City's Facebook page are as follows:

> All posts are subject to public disclosure. Inappropriate and prohibited content subject to immediate removal from the site and includes content:
>
> 1. That is not related to the particular article being commented on
> 2. Promotes or advertises commercial service, entities or products
> 3. Supports or opposes political candidates or ballot propositions
> 4. Is obscene
> 5. Discusses or encourages illegal activity
> 6. Promotes, fosters or perpetuates discrimination on the basis of creed, color, age, religion, gender, marital status, status with regard to public assistance, national origin, physical or mental disability or sexual orientation
> 7. Provides information that may potentially compromise the safety or security of the public or public systems
> 8. Violates a legal ownership
> 9. Sexual content or links to sexual content
> 10. Comments from children under 13 cannot be posted in order to comply with the Children's Online Privacy Act
> 11. Anonymous posts

The City does not remove any comments from its Facebook page for any reason other than those specified in the eleven rules listed above.

5. The City's rules for commenting on its Facebook page are intended to help the City effectively communicate relevant information to the public and to protect the rights of those who want to discuss the information being conveyed. For example, when the City posts information about Covid-19 vaccinations, the rules help prevent someone from "hijacking" the post by commenting about and promoting an unrelated commercial venture. Comments that violate the

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 2
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

City's rules distract from and dilute the important information that the City is trying to convey to the public. Since the City often uses its Facebook page to convey information concerning public safety, it is paramount that the public can quickly access the information posted by the City without off-topic comments detracting from that information.

6. For approximately six months in 2020, the City live streamed City Council meetings, which are held virtually due to Covid-19, on its Facebook page, allowing the public to watch and comment on the live meetings in real time and/or after the video was published to the City's Facebook page at the conclusion of the meeting. The City chose to continue streaming its City Council meetings on Channel 21 and its YouTube channel but ceased streaming on Facebook due to multiple and persistent technical issues, as well as the lack of staff to monitor the feed well into the night (City Council meetings have gone past midnight on many occasions).

7. The City typically receives few comments on its Facebook posts. Most of the comments that it does receive are on topic and comply with the City's rules for commenting on its Facebook page. The City deletes comments that violate its rules regardless of the substance of the comment, the individual posting the comment, or whether the City or its employees agree or disagree with the viewpoint being expressed. The City has deleted rule-breaking comments from individuals other than the Plaintiffs. Comments by the Plaintiffs that were on-topic and not otherwise in violation of the City's rules have been left untouched, even when those comments were highly critical of the City. Ms. Kimsey and Ms. Freudenberg have been perhaps the most frequent commenters on the City's Facebook page.

8. It is my understanding that Plaintiffs are relying on a "deleted" tag applied to their comments by ArchiveSocial, a third party archiving service. As is apparent from the screenshots below, this "deleted" tag does not appear on Facebook.

9. Plaintiffs allege that the City deleted six comments posted by Ms. Kimsey in response to the City's June 16, 2020 Council regular meeting. *See* Complaint, ¶ 4.6; Kimsey Declaration, Exhibit 1. Attached hereto as **Exhibit A** is a true and correct copy of screenshots

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 3
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 taken on October 28, 2021 showing that five of the allegedly deleted comments remain on the City's Facebook page. As described further below, the missing comment was not deleted by the City.

10. Plaintiffs allege Ms. Freudenberg posted six comments in response to the City's June 16, 2020 Council regular meeting and that the City deleted the only comment critical of the City Council and allowed the other five comments to remain. *See* Complaint, ¶ 4.7; Kimsey Declaration, Exhibit 1. *See* **Exhibit A** showing that all six of the comments posted by Ms. Freudenberg remain on the City's Facebook page.

11. Plaintiffs allege that the City deleted seven comments posted by Ms. Kimsey in response to the City's June 23, 2020 Council Special meeting. They further allege that Ms. Freudenberg posted four comments, two of which were in response to Ms. Kimsey and which were deleted. *See* Complaint, ¶ 4.9; Kimsey Declaration, Exhibit 2. Attached hereto as **Exhibit B** is a true and correct copy of screenshots taken on October 28, 2021 showing that all of the allegedly deleted comments remain on the City's Facebook page, and that Ms. Freudenberg actually posted six comments, all of which remain on the City's Facebook page.

12. Plaintiffs allege that Ms. Kimsey posted two comments critical of the City Council in response to the City's June 30, 2020 Council Special meeting and that the City deleted both comments. *See* Complaint, ¶ 4.10; Kimsey Declaration, Exhibit 3. Attached hereto as **Exhibit C** is a true and correct copy of screenshots taken on October 28, 2021 showing that one of the allegedly deleted comments remains on the City's Facebook page. As described further below, the missing comment was not deleted by the City.

13. Plaintiffs allege that Ms. Kimsey posted eight comments critical of the City Council in response to the City's July 7, 2020 Council regular meeting and that the City deleted all eight comments. *See* Complaint, ¶ 4.11; Kimsey Declaration, Exhibit 4. Attached hereto as **Exhibit D** is a true and correct copy of screenshots taken on October 28, 2021 showing that all of the allegedly deleted comments remain on the City's Facebook page.

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 4
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

14. Plaintiffs allege that Ms. Kimsey posted nine comments critical of the City Council in response to the City's July 14, 2020 Council Special meeting and that the City deleted all nine comments. Plaintiffs allege that Ms. Freudenberg posted seven comments and that the City deleted one of those comments. *See* Complaint, ¶ 4.12; Kimsey Declaration, Exhibit 5. Attached hereto as **Exhibit E** is a true and correct copy of screenshots taken on October 28, 2021 showing that all of the allegedly deleted comments remain on the City's Facebook page.

15. Plaintiffs allege that Ms. Kimsey posted three comments in response to the City's July 21, 2020 Council regular meeting and that the City deleted each of her comments. *See* Complaint, ¶ 4.13; Kimsey Declaration, Exhibit 6. Attached hereto as **Exhibit F** is a true and correct copy of screenshots taken on October 28, 2021 showing that all of the allegedly deleted comments remain on the City's Facebook page.

16. Plaintiffs allege that Ms. Kimsey posted five comments critical of the City Council in response to the City's July 28, 2020 Council Special meeting and that the City deleted all five comments. *See* Complaint, ¶ 4.14; Kimsey Declaration, Exhibit 7. Attached hereto as **Exhibit G** is a true and correct copy of screenshots taken on October 28, 2021 showing that all of the allegedly deleted comments remain on the City's Facebook page.

17. Plaintiffs allege that Ms. Kimsey posted fourteen comments critical of the City Council in response to the City's August 18, 2020 Council Special meeting and that the City deleted all fourteen comments. Plaintiffs allege that Ms. Freudenberg posted five comments to the same meeting and that the City deleted one of those comments posted in response to Ms. Kimsey. *See* Complaint, ¶ 4.15; Kimsey Declaration, Exhibit 8. Attached hereto as **Exhibit H** is a true and correct copy of screenshots taken on October 28, 2021 showing that thirteen of Ms. Kimsey's allegedly deleted comments remain on the City's Facebook page and that all five comments by Ms. Freudenberg remain visible. As described further below, the missing comment was not deleted by the City.

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 5
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

18. There are three comments to City Council meetings allegedly made by Plaintiff Kimsey, as reflected in her exhibits, that I have not been able to locate on the City's Facebook page. The City did not delete these comments. They may have been deleted by Ms. Kimsey or by Facebook.

19. Before deleting a comment, the City's communication team determines whether the comment is in violation of the City's rules for commenting on its Facebook page. As a result of how Facebook worked at the time the comments at issue in this lawsuit were posted, comments that were made in response to another comment (a "top level" comment) would disappear if the top level comment was deleted. As a result, if the City (or anyone else) deleted a rule-breaking comment, any comments made in response to that rule-breaking comment would also have been automatically deleted or removed from the post.

20. On February 11, 2021, the City shared a post by the Sammamish Police Foundation stating that they were accepting new applications for the Explorer Program. Plaintiff Tripathi commented on the post, expressing her concern about the "thin blue line" flag and the negative connotations the flag has garnered. The "thin blue line" flag had not appeared on the City's Facebook page ever before, until Ms. Tripathi posted an image of it alongside her off-topic comment. The City determined that Ms. Tripathi's comment violated Rule 1 because it was not "related to the particular article" to which she was commenting. Accordingly, the City deleted Ms. Tripathi's comment. Ms. Tripathi later re-posted similar versions of her off-topic comment, which were also in violation of the City's rules and were therefore also deleted.

21. Beginning in April 2021 and continuing through July 2021, Plaintiff Freudenberg began posting rule-breaking comments on the City's Facebook page. Many of the City's posts concerned information related to public safety. As with any rule-breaking comments, Ms. Freudenberg's rule-breaking comments distracted from the important information that the City was trying to convey to the public.

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 6
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

22. On April 27, 2021, the City posted information about available dates and times for Covid-19 vaccination appointments. Ms. Freudenberg commented on this post about the City's use of federal funds and invited the public to fill out a survey about commercial lease arrears. The City determined that Ms. Freudenberg's comment violated Rule 1 because it was not "related to the particular article" to which she was commenting. Accordingly, the City deleted her comment. After the City deleted her comment, Ms. Freudenberg again commented with a new link to the same survey. This comment too violated Rule 1 and was therefore deleted by the City.

23. On April 28, 2021, the City posted information raising awareness about distracted driving. Ms. Freudenberg commented on this post with a comment identical to the one from the day before, again soliciting the public to fill out a survey about commercial lease arrears. Ms. Freudenberg also made a second comment about an unrelated City Council meeting and the City's budget. The City determined that Ms. Freudenberg's comments violated Rule 1 because they were not "related to the particular article" to which she was commenting. Accordingly, the City deleted these two comments.

24. On April 28, 2021, the City posted information about the Mayors' Monarch Pledge. Ms. Freudenberg made a comment in response that concerned affordable housing and property taxes. The City determined that Ms. Freudenberg's comment violated Rule 1 because it was not related to the Monarch Pledge. Accordingly, the City deleted her comment.

25. On April 30, 2021, the City posted information about a local "story walk" event being held in the Lower Sammamish Commons Park. Ms. Freudenberg responded with a comment about the Sammamish farmers' market and the adverse impact that the pandemic had on farmers. The City determined that Ms. Freudenberg's comment violated Rule 1 because it had nothing to do with the story walk event. Accordingly, the City deleted her comment.

26. In July 2021, the City posted information concerning a traffic alert to let the public know that a traffic light would be down for maintenance. Ms. Freudenberg responded to this post with a comment about the City's processing of public record requests. The City determined that

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 7
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Ms. Freudenberg's comment violated Rule 1 because it had nothing to do with the traffic alert. Accordingly, the City deleted her comment.

27. On July 21, 2021, the City posted information about the free parking available at Beaver Lake Park. Ms. Freudenberg responded with a comment concerning the farmers' market and the City's treatment of farmers. The City determined that Ms. Freudenberg's comment violated Rule 1 because it was not related to the particular article to which she was commented. Accordingly, the City deleted her comment.

28. On July 22, 2021, the City shared a notice from Sammamish Plateau Water, alerting the public that field crews would be conducting sanitary sewer smoke testing the following month. The post informed the public that the smoke was safe, non-toxic, and would not create a fire hazard. Ms. Freudenberg responded to the City's post with a comment concerning sewer issues and a recent hearing about the town center. The City determined that Ms. Freudenberg's comment violated Rule 1 because it had nothing to do with the smoke testing being performed by Sammamish Plateau Water. Accordingly, the City deleted her comment.

29. All three Plaintiffs have continued to comment on the City's Facebook page even after the City removed their rule-breaking comments. For example, Ms. Kimsey has commented that she cannot "hold the government accountable" because "the entire narrative is controlled," and that the City has been "[i]ncredibly irresponsible". Ms. Tripathi has commented that a City Council Member "made overtly racist comments during his interview" and complained that the City "is involved in multiple law suits surrounding our growth management practices." Ms. Freudenberg has commented that the City's emergency alert system is inconsistent, that the City poorly managed a heatwave response during the summer and complained that the City Council "is blocking multifamily … senior housing." All of these comments by Plaintiffs (and many other comments not mentioned here) were highly critical of the City. So long as their comments are not in violation of the City's rules, the City does not delete comments from the Plaintiffs or anyone

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 8
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

else. Attached here as **Exhibits I-K** are true and correct copies of screenshots taken October 29th showing the aforementioned comments.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing statements are true and correct.

EXECUTED on November 1, 2021, at Sammamish, Washington.

*Celia Wu*
_____
CELIA WU

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 9
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st of November, 2021, I filed the foregoing document using CM/ECF system of the United States District Court and counsel of record was served electronically through the CM/ECF system.

*s/ Karen M. Lang/Sharon Hendricks*
Karen M. Lang/Sharon Hendricks,
Legal Assistants, Summit Law Group, PLLC

DECLARATION OF CELIA WU ISO DEFENDANT
OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION - 10
CASE NO. 2:21-cv-01264 MJP

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001