UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH HAWES KIMSEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAMMAMISH, et al.,<br><br>Defendants. | CASE NO. C21-1264 MJP<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Defendants' Motion to Seal. (Dkt. No. 15.) Having reviewed the Motion and all supporting papers, and noting the absence of any opposition, the Court GRANTS the Motion and SEALS the unredacted declaration of Robert Sydnor (Dkt. No. 19).

**BACKGROUND**

Through their Motion, Defendants ask the Court to seal an unredacted copy of the declaration of Robert Sydnor that was filed in support of Defendants' opposition to Plaintiffs' motion for a preliminary injunction. (See Dkt. Nos. 15 and 19.) Sydnor is the Chief Operating

ORDER GRANTING MOTION TO SEAL - 1

Officer of a company called ArchiveSocial, whose declaration contains information about how his company archives information posted on the City of Sammamish's Facebook page. (See Declaration of Robert Sydnor (Dkt. No. 18).) Although they filed the Motion to Seal, Defendants "tak[e] no position as to whether or not the redacted information in the Sydnor Declaration should remain sealed." (Dkt. No. 15. at 3.) Instead, they leave it to ArchiveSocial—a third party—to justify its sealing. While ArchiveSocial filed no formal brief in support of the request to seal, Sydnor filed a declaration outlining the reasons why his company desires to keep the redacted information sealed consistent with the legal standards under Ninth Circuit authority and the Local Rules.

Sydnor states that the two redacted paragraphs of his declaration contain non-public and confidential information detailing how ArchiveSocial's proprietary computer program captures and tags data. (Declaration of Robert Sydnor ISO Motion to Seal ¶¶ 4-7 (Dkt. No. 29).) Sydnor explains that ArchiveSocial closely protects this information from disclosure and that its public revelation would harm ArchiveSocial's business standing by giving competitors an unfair advantage in seeing the logic of its archiving process. (Id. ¶¶ 8-9.) He further asserts that the computer program logic has great value to ArchiveSocial, and that without public disclosure, competitors would have great difficulty in acquiring or replicating it. (Id. ¶¶ 9-12.)

Counsel certifies that the parties met and conferred before bringing this motion, as required by Local Rule 5(g)(3)(A). (See Declaration of Jesse Taylor (Dkt. No. 16).)

## ANALYSIS

**A.    Legal Standard**

As a preliminary matter the Court must determine whether to apply the "good cause" or "compelling interest" standard in assessing the Motion. See Ctr. for Auto Safety v. Chrysler

1 | Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the

2 | motion [related to which the materials are filed] is more than tangentially related to the merits of

3 | a case." Id. Here, Plaintiffs' motion for preliminary injunction presents factual and legal issues

4 | that speak directly to the merits of this dispute. See id. The Court finds that the "compelling

5 | interest" test applies to the question of whether the ArchiveSocial information filed in support of

6 | Defendants' opposition should be sealed.

7 |      Under the "compelling interest" test, the Court must "conscientiously balance[] the

8 | competing interests of the public and the party who seeks to keep certain judicial records secret."

9 | Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and

10 | quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling

11 | reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or

12 | conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a

13 | protective order to demonstrate that (1) the material in question is a trade secret or other

14 | confidential information within the scope of Rule 26(c), and (2) disclosure would cause an

15 | identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131

16 | (9th Cir. 2003) (citation and quotation omitted). The Local Rules require State Farm to show: (1)

17 | "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will

18 | result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief

19 | sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be

20 | provided where necessary." Id.

21 | **B.    Sealing is Justified**

22 |      The Court finds compelling interests outweigh the public's right to access to the two

23 | paragraphs of information in Sydnor's declaration that ArchiveSocial seeks to keep confidential.

24 |

Sydnor has provided sufficiently detailed information that ArchiveSocial places great value in and protects the confidentiality of the redacted information and that its revelation could cause substantial injury to its competitive advantage in the archiving market. The Court finds this satisfies the standard, as Sydnor and ArchiveSocial have shown that the information is equivalent to a trade secret whose disclosure would cause an identifiable and significant harm to the company. See Foltz, 331 F.3d at 1131. And the Court finds that the Sydnor has reasonably limited the redactions to narrowly cover only the claimed proprietary computer logic. The Court also finds that the public need not access this information in order to understand the Parties' positions as to the motion for preliminary injunction or the Court's Order on that motion.

## CONCLUSION

The Court finds compelling interests outweigh the public's right to access the information in the two redacted portions of Sydnor's declaration. The Court GRANTS the Motion to Seal and shall maintain the unredacted copy of Sydnor's declaration (Dkt. No. 19) under seal.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 1, 2021.

Marsha J. Pechman
United States Senior District Judge